# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 18, 2012

Lyle W. Cayce
Clerk

No. 12-60033
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DENNIS LEE ANDREWS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:11-CR-46-2

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Dennis Lee Andrews appeals the sentence imposed following his guilty plea conviction for one count of kidnapping for ransom, in violation of 18 U.S.C. §§ 2 and 1201, and one count of using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A), (c)(1)(A)(ii). He contends that the district court erred when it enhanced his offense level under U.S.S.G. § 2A4.1(b)(1) for making a ransom demand.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Section 2A4.1(b)(1) provides for a six-level increase if a ransom demand was made. Although § 2A4.1 does not define what constitutes a ransom demand, the term "ransom" is defined as "a consideration paid or demanded for the release of someone or something from captivity." Merriam-Webster Dictionary Online, http://www.merriam-webster.com.

The record reflects that on or about February 2, 2011, Andrews and his co-defendants, Athena Marie Byrd and Patrick Hollowell, devised a scam to obtain money from Oliver Eugene Anderson, an older friend of Byrd. As part of this scam, Byrd proceeded to Anderson's residence. She then telephoned Andrews and Hollowell and asked them to come to the residence. When they arrived, Andrews and Hollowell held Anderson and Byrd at gunpoint, demanding money from Byrd. When Anderson asked what it would take for them to leave, Byrd told Anderson that she owed Andrews and Hollowell $2,000. Byrd and Andrews put Anderson in Byrd's car and drove him at gunpoint to a casino for the purpose of cashing a $2,000 check. Anderson made a scene at the teller's window, causing Byrd and Andrews to flee the casino.

To the extent Andrews argues that the § 2A4.1(b)(1) enhancement does not apply when the amount of money demanded was owed to the kidnapper, we need not resolve the issue because there is no factual support for such an argument. There is no evidence that Anderson owed Andrews, Hollowell, or Byrd any money. Further, although Byrd told Anderson that she owed Andrews and Hollowell $2,000, the record reflects that this was part of the defendants' scam to obtain money from Anderson, and there is no evidence that Andrews believed he was actually owed the $2,000. Because Andrews demanded $2,000 from Anderson in exchange for Anderson's and Byrd's release, the district court's determination that Andrews made a ransom demand is plausible in light of the record as a whole. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Accordingly, the district court did not clearly err when it enhanced Andrews's offense level pursuant to § 2A4.1(b)(1). *See id.*

AFFIRMED.